# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeffrey Busch, | ) |
| Plaintiff, | ) ) ) ) Civil Action No. _____ |
| v. | ) ) |
| Haster Law Office, P.A. and John Doe, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

## JURY TRIAL DEMANDED

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff Jeffrey Busch (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Haster Law Office, P.A. (hereinafter "Defendant Haster"), is a law firm operating from an address of 6640 Shady Oak Road, Suite 340, Eden Prairie, Minnesota 55344 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant John Doe (hereinafter "Defendant Doe") is a natural person employed by Defendant Haster as a collection agent and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

7. Sometime prior to July 2009, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant Haster for collection.

9. On July 17, 2009, Plaintiff received a 30-day validation letter from Defendant Haster. (*See Exhibit A*)

10. On July 17, 2009, Plaintiff also received a letter from Defendant Haster stating, "This letter confirms that the balance on the above referenced

2

account is $23,543.88. Your balance is due at this time. Please retain this for your records," which violated the 30-day validation. (*See Exhibit B*)

11. Upon information and belief, on July 30, 2009, Defendant Doe left a message on Plaintiff's telephone, which failed to contain the mini-Miranda warning by stating, "Good afternoon, my name is Don Craig Barker, I'm calling on behalf of Haster Law Firm. An associate of mine had talked to you about a week or so, before he'd gone out of town, I work with the settlement depart I want to see if we can possibly work up an agreement here, it could take set up a return my call... I can be reached at 952-540-4788 or 1-800-511-6409 extension 31, please give me a call if you've got it all figured out that this could work. Thank you".

12. Upon information and belief, Defendant Doe left another message on Plaintiff's telephone, which failed to contain the mini-Miranda warning stating, "Yes, mister Jeffrey Busch, this is attorney Haster's office, I ask for courtesy I will take a few moments of your time here, we talked to you two weeks ago, you said you would give us a call back, but we haven't heard from you... this is something you want to deal with and call the attorney office at 952-540-4792, I will not make one more call unless you want us to... until we hear from you."

13. Upon information and belief, Defendant Doe left another message on Plaintiff's telephone, which failed to contain the mini-Miranda warning stating, "Yes, Mister Jeffrey Busch, this is Ben Christian... to make one more

call unless you want me to. Uh we talked on the 17th of August, you made a statement that you didn't want to deal with the attorney and let the attorney know that, so they are having me follow up to find out what you're thinking to see if we can help you with this thing. If you changed your mind, give me a call with a refusal or call back and kinda let me know what you are thinking at this point, my number is 952-540-4792… sometime in the last week of the month if we haven't heard from you alright, give us a few minutes of your time, let us know what you want to do to see if there is any possibility… and the number is 952-540-4792, Ben Christian… Eden Prairie, Minnesota."

14. The conduct of Defendants in failing to communicate that Defendants are debt collectors and attempting to collect a debt, by overshadowing the 30-day validation notice, and using conduct the natural consequence of which is to harass, oppress, or abuse any person is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(11), 1692(g) and 1692(f) amongst others.

## Respondeat Superior Liability

15. The acts and omissions of Defendant Doe, and/or the other debt collectors employed as agents by Defendant Haster who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Haster.

16. The acts and omissions by Defendant Doe and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these

4

agents were authorized to perform by Defendant Haster in collecting consumer debts.

17. By committing these acts and omissions against Plaintiff, Defendant Doe and these other debt collectors were motivated to benefit their principal, Defendant Haster.

18. Defendant Haster is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

19. The above-detailed conduct by Defendants, of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

**TRIAL BY JURY**

20. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

23. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

15. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

16. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

17. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

MARTINEAU, GONKO & VAVRECK, PLLC

Dated: December 10, 2009

s/ Mark L. Vavreck
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220